UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIOR FALL, )<br>    *Plaintiff*, )<br>)<br>  *vs.* )<br>)<br>HON. JANET NAPOLITANO, *Secretary of Dept.* )<br>*of Homeland Security*, *et al.*, )<br>    *Defendants.* ) | 1:12-cv-1231-JMS-TAB |

### ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Dior Fall seeks relief from the decision of the Board of Immigration Appeals (the "Board") affirming the decision of the United States Citizenship and Immigration Services ("USCIS"), which denied Ms. Fall's petition to adjust her immigration status to that of a lawful permanent resident. [Dkt. 1 at 9.] Ms. Fall alleges that this Court has subject matter jurisdiction under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1151(b)(2)(A)(i), 8 U.S.C. § 1255, and the Administrative Procedure Act, 5 U.S.C. § 701. [*Id.* at 1 ¶ 1.] Defendants' response to Ms. Fall's jurisdictional allegation is that it "sets forth legal conclusions to which no responsive pleading is required." [Dkt. 9 at 1 ¶ 1.]

Subject matter jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *See Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Congress "significantly curtailed judicial review" of the Attorney General's deportation decisions in 1996, when it amended the INA by passing both the Antiterrorism and Effective Death Penalty Act and the Illegal Immigration Reform and Immigrant Responsibility Act. *Unit-*

ed States v. Anderson*, 64 F. Supp. 2d 870, 879 n.7 (S.D. Ind. 1999) (citing *Singh v. Reno*, 182 F.3d 504, 507-09 (7th Cir. 1999)). The INA now lists multiple matters that are "not subject to judicial review," 8 U.S.C. § 1252(a)(2), and of the matters that are subject to review, "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings" is the appropriate venue, 8 U.S.C. § 1252(a)(5). Accordingly, the district court is presented with very few immigration appeals, and some of those it does see are dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Kebe v. Napolitano*, 2012 WL 1409626 (S.D. Ind. 2012).

For these reasons, the Court **ORDERS** the parties to conduct whatever research is necessary and file a joint jurisdictional statement by **April 30, 2013**, specifically setting forth any basis for this Court's subject matter jurisdiction. If the parties cannot agree on the contents of a joint statement, competing statements shall be filed by that date. The parties should keep in mind that because this Court rarely adjudicates immigration appeals, familiarity with terminology typically used in that practice area should not be presumed. *See Chicago Truck Drivers v. CPC Logistics, Inc.*, 698 F.3d 346, 350 (7th Cir. 2012) ("Many appellate lawyers write briefs and make oral arguments that assume that judges are knowledgeable about every field of law, however specialized. The assumption is incorrect. Federal judges are generalists. . . [and] the appellate advocate must not count on appellate judges' being intimate with *his* particular legal nook—with its special jargon, its analytical intricacies, its commercial setting, its mysteries.") (original emphasis).

04/15/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Swaray Edward Conteh
contehlaw@att.net

John Joseph William Inkeles
US DEPT OF JUSTICE
John.inkeles@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov